IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. EP-10-CV-00102-KC |
| F-STAR PROPERTY MANAGEMENT, INC., | | |
| Defendant. | | |

**MOTION TO STRIKE DEFENDANT'S NON-RETAINED EXPERT DESIGNATIONS**

Continental Casualty Company files this Motion to Strike Defendant's Non-Retained Expert Designations and in support would show as follows:

## I. INTRODUCTION

This case involves an insurance coverage dispute arising from two claims made by F-Star Property Management, Inc. on a property insurance policy issued by Continental Casualty Company – a wind claim and a hail claim.

F-Star's non-retained expert designations should be struck as deficient because they fail to comply with the requirements of Federal Rule of Civil Procedure Rule 26(a)(2)(C)(ii). In particular, F-Star's non-retained expert designations fail to provide a summary of the facts and opinions to which the experts are expected to testify.

## II. FACTUAL BACKGROUND

On March 8, 2011, F-Star filed its Designation of Testifying Experts with Respect to Claims for Affirmative Relief [Doc. 18] with the Court. On March 14, 2011, Continental's counsel sent a letter to F-Star's counsel requesting that F-Star amend its disclosures to remedy various deficiencies in its disclosures. A true and correct copy of that letter is attached as

Exhibit A. In that letter, Continental specifically requested that F-Star supplement its expert designations as follows:

> [W]e note that F-Star did not provide reports for the following witnesses: W. Martin Yung; Art Long; Jerry C. Ayoub; Edna Lopez; B. Lanny Cowart; Jeff Stone; and Brian Watson. Assuming that all of these witnesses are, in fact, non-retained experts, Federal Rule of Civil Procedure 26(a)(2)(C)(ii) requires that "a summary of the facts and opinions to which the witness is expected to testify" be provided. Although F-Star may have complied with Rule 26(a)(2)(C)(i) which requires disclosure of the subject matter upon which the witness is expected to testify, F-Star failed to provide the facts and opinions meet the requirements of Rule 26(a)(2)(C)(ii). Accordingly, Continental requests that F-Star immediately supplement its Designations to comply with requirements of Rule 26(a)(2)(C)(ii).

On March 23, 2011, Continental's counsel again wrote to F-Star's counsel asking that F-Star correct the deficiencies in its Designations. A true and correct copy of that email is attached hereto as Exhibit B.

That same day, F-Star served its Designation of Testifying Experts with Respect to Resisting Claims for Affirmative Relief. A true and correct copy of F-Star's rebuttal designations are attached as Exhibit C. These designations were actually sent a day late because the parties had agreed on a March 22, 2011 deadline to designate rebuttal experts.

On March 25, 2011, Continental's counsel sent an email to F-Star's counsel noting that F-Star's designation of Paul Shepherd was similarly deficient. A true and correct copy of that email is attached as Exhibit D.

On April 4, 2011, Continental's counsel again requested that F-Star supplement its designations. A true and correct copy of that email is attached as Exhibit E. F-Star's counsel did not respond.

Despite Continental's numerous requests for F-Star to supplement its designation of its non-retained experts, F-Star has yet to do so.

## III. ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure 26(a)(2)(C) governs what a party must include in its designations of non-retained expert witnesses as follows:

> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

In the present case, F-Star's non-retained expert designations simply identifies various topics upon which the witnesses are expected to testify, F-Star failed to provide a "summary of the facts and opinions" upon which the witness is expected to testify. For example, F-Star's Designation of Brian Watson from Commercial Roofing reads as follows:

> Mr. Watson, a member of management at Commercial Roofing, is expected to present opinion testimony on the reasonableness and necessity of the cost of repair and replacement of the damaged roofs of the properties, the condition of the properties before and after the losses, the repairs and replacements made to date, the necessary repairs and replacements not yet made, the unsuitability of use of inexperienced contractors to perform repairs and replacements, and the ongoing damages and increase in replacement and repair costs as a result of CNA's refusal to pay F-Star's claims.

This designation only provides the topics upon which Mr. Watson may testify. The designation fails to provide a summary of the facts Mr. Watson is going to offer. Likewise, the designation does not summarize any of the opinions that Mr. Watson will offer. All of F-Star's other non-retained expert designations - W. Martin Yung; Art Long; Jerry C. Ayoub; Edna Lopez; B. Lanny Cowart; Jeff Stone; and Paul Shepherd - suffer from the same deficiency.

Accordingly, because the designations fail to comply with Federal Rule of Civil Procedure 26(a)(2)(C) and F-Star has refused to supplement its designations despite Continental's repeated requests, Continental requests that such designations be struck by the Court.

## IV.  CONCLUSION

For the reasons stated above, Continental requests that the Court strike F-Star's designations of W. Martin Yung; Art Long; Jerry C. Ayoub; Edna Lopez; B. Lanny Cowart; Jeff Stone; Brian Wilson; and Paul Shepherd as testifying experts in this litigation and bar such witnesses from offering opinion testimony at trial.  Continental further requests any and all further relief to which it is entitled.

Respectfully submitted,

**ZELLE HOFMANN VOELBEL & MASON LLP**

By:     */s/ David B. Winter*
G. Brian Odom
Texas Bar No. 50511840
Todd M. Tippett
Texas Bar No. 24046977
David B. Winter
Texas Bar No. 24037731
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEYS FOR PLAINTIFF
CONTINENTAL CASUALTY COMPANY**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been forwarded to all counsel of record by electronic mail and in accordance with the applicable Federal Rules of Civil Procedure on April 5, 2011.

                                                                   */s/ David B. Winter*
                                                                   David B. Winter

**CERTIFICATE OF CONFERENCE**

As discussed above, Continental's counsel repeatedly requested F-Star to supplement its expert designations. Furthermore, on April 5, 2011, I left a detailed voicemail for Randy Lee, counsel for F-Star, regarding this motion. The parties are attempting to schedule depositions of the various designated experts. Accordingly, Continental believes it must file this motion as soon as possible. In light of F-Star's counsel's failure to respond to Continental's prior requests, it is believed F-Star opposes this Motion.

                                                                   */s/ Todd M. Tippett*
                                                                   Todd M. Tippett